IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KENNETH MARTIN BOGGS,
    Plaintiff,

vs.                                    Case No. 3:11cv222/LC/CJK

MARIA IRENE LUCAS,
    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 6). The filing fee has been paid. (Doc. 8). Upon review of the amended complaint, the Court concludes that this case should be dismissed for plaintiff's failure to state a claim upon which relief may be granted.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida penal system currently confined at Blackwater River Correctional Facility. Plaintiff was confined at Okaloosa Correctional Institution at the time of the events giving rise to his complaint. Plaintiff's amended complaint names one defendant: Maria Irene Lucas, an Assistant Inspector General with the Florida Department of Corrections. (Doc. 6, pp. 1-2). Plaintiff claims defendant Lucas violated his constitutional right of access to the courts on August 18, 2010, when Lucas confiscated a habeas corpus petition and proposed order granting habeas relief which plaintiff prepared and submitted for

mailing to the Circuit Court for Okaloosa County, Florida. (*Id*., pp. 5-10). As relief, plaintiff seeks declaratory and injunctive relief, compensatory damages, punitive damages and any other relief the Court deems just and proper.

## DISCUSSION

Because plaintiff is a prisoner, the Court is required to dismiss plaintiff's complaint if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). The Court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the Court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). There are a few exceptions to this rule, however, such as where the facts alleged are internally inconsistent or where they run counter to facts of which the Court can take judicial notice. 5B CHARLES A. WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2008). Further, only <u>well pleaded</u> factual allegations are taken as true and only <u>reasonable</u> inferences are drawn in favor of the plaintiff. *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *Marrero v. City of Hialeah*, 625 F.2d 499, 502 (5th Cir. 1980);[1] *see also Associated Builders, Inc. v. Ala. Power Co.*,

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). Mere "labels and conclusions" are not accepted as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation")); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1951, 173 L. Ed. 2d 868 (2009) (explaining that conclusory allegations are not entitled to a presumption of truth); *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1266 (11th Cir. 2009) (stating that "in testing the sufficiency of the plaintiff's allegations, we do not credit . . . conclusory allegations as true").

The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1968-69 (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). The complaint is also subject to dismissal for failure to state a claim if the allegations – on their face – show that an affirmative defense bars recovery on plaintiff's claims. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (reiterating that principle and providing, as an example, that if a complaint's allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim).

Title 42 U.S.C. § 1997e provides, in relevant part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of all available administrative remedies is a mandatory pre-condition to suit. *Booth v. Churner*, 532 U.S. 731, 739, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001); *see also Porter v. Nussle*, 534 U.S. 516, 524-25, 122 S. Ct. 983, 988, 152 L. Ed. 2d 12 (2002) ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."). The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter*, 534 U.S. at 524, 122 S. Ct. 983. Exhaustion is required whether the plaintiff seeks declaratory and injunctive relief, monetary damages, or both. *Booth, supra* at 734, 121 S. Ct. at 1825. The requirement is not subject to waiver by a court, or futility or inadequacy exceptions. *See Booth, supra* at 741 n. 6; *McCarthy v. Madigan*, 503 U.S. 140, 112 S. Ct. 1081, 117 L. Ed. 2d 291 (1992) ("Where Congress specifically mandates, exhaustion is required."); *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998). Moreover, the PLRA requires "proper exhaustion," so that the agency has an opportunity to address the issues on the merits. *Woodford v. Ngo*, 548 U.S. 81, 126 S. Ct. 2378, 2387-88, 165 L. Ed. 2d 368 (2006); *see also id.*, 126 S.Ct. at 2388 ("The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance

system will not have such an opportunity unless the grievant complies with the system's critical procedural rules."). A court must dismiss an action if satisfied that the plaintiff failed to properly exhaust his available administrative remedies prior to filing suit. *Higginbottom v. Carter,* 223 F.3d 1259, 1261 (11th Cir. 2000); *Alexander*, 159 F.3d at 1325-26.

The grievance procedures promulgated by the Florida Department of Corrections ("DOC") require an inmate to: (1) file an informal grievance with a designated prison staff member, (2) file a formal grievance with the warden's office, and then (3) submit an appeal to the Office of the Secretary. FLA. ADMIN. CODE r. 33-103.005 to 33-103.007; *see also Parzyck v. Prison Health Servs., Inc.,* 627 F.3d 1215, 1218 (11th Cir. 2010).

Plaintiff alleges that defendant Lucas confiscated plaintiff's proposed legal mail on August 18, 2010. (Doc. 6, pp. 5-6 ¶¶ 1-13). On August 23, 2010, plaintiff filed a grievance to the Office of the Secretary concerning Lucas' conduct. (*Id.*, p. 8 ¶ 16). The grievance was assigned log number 10-6-27372. (*Id.*). On September 3, 2010, the Secretary's Office returned the grievance to plaintiff without action, explaining:

> NOTE: This grievance is not accepted as a grievance of an emergency nature.
>
> Your request for administrative appeal is in non-compliance with the Rules of the Department of Corrections, Chapter 33-103, Inmate Grievance Procedure. The rule requires that you first submit your appeal at the appropriate level at the institution. You have not done so or you have not provided this office with a copy of that appeal, nor have you provided a valid or acceptable reason for not following the rules.
>
> The institution should be given the opportunity to respond to your issue.

*Case No: 3:11cv222/LC/CJK*

> Upon receipt of this response, you are allowed an additional 15 days from the date this response was mailed (date stamped in upper left corner) to resubmit your grievance at your current location in compliance with Chapter 33-103, Inmate Grievance Procedure. Attach a copy of this response to your re-filed grievance.
>
> Based on the foregoing information, your grievance is returned without action.

(Doc. 1, Ex. A, p. 41). On September 6, 2010, plaintiff submitted an informal grievance to defendant Lucas complaining about her confiscation of his legal mail. (Doc. 6, p. 8 ¶ 18-19). On September 17, 2010, Inspector Lucas responded:

> Your facts are false and inaccurate. The documents typed in the law library indicated your name as copywrited [sic]. This is in violation of the rules and regulations 33-601.314 and violates this regulation by 9-21 Fraud or Attempted Fraud. This is per DOC Legal Counsel. Eligible for a DR to be written. You stand corrected - no DR was written by anyone at my direction. I will write it.

(Doc. 6, Ex. A). Defendant Lucas signed and dated her response. Lucas did not fill in the blank where she was to indicate: "Returned, Denied, or Approved." (*Id*.). The grievance form provided plaintiff with information about how to appeal. (*Id*. ("If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.0006, F.A.C.")). Plaintiff complains that defendant Lucas "still retains Grievant's legal mail." (Doc. 6, p. 8 ¶ 17).

Plaintiff admits that he did not appeal Lucas' response by filing a formal grievance. Plaintiff explains that he "has no lawful necessity to appeal and the administrative remedy process is exhausted," because defendant Lucas "did not deny plaintiff's grievance[;] as such plaintiff is precluded by rule from appealing defendant's response through further FDOC administrative process." (Doc. 6, p. 10

¶ 27). As support, plaintiff refers the Court to the blank line where Lucas was to state "Returned, Denied, or Approved." Plaintiff also cites to FLA. ADMIN. CODE r. 33-103.006, and the text on the grievance form informing plaintiff of his right to appeal if the grievance is denied. (*Id*.).

Contrary to plaintiff's assertion, defendant Lucas's response unambiguously denied plaintiff's grievance. Lucas disputed plaintiff's facts as "false and inaccurate," and advised plaintiff that the DOC's rules and Legal Counsel supported her confiscation and retention of the legal documents. On that basis, Lucas refused to return plaintiff's documents, as plaintiff admits. Plaintiff knew from the content of Lucas' response and her refusal to grant the relief plaintiff requested (e.g., that she return plaintiff's documents and allow plaintiff to mail them to the state court) that his informal grievance was denied.

The text on the informal grievance advising plaintiff of his right to appeal if his grievance was denied does not create ambiguity as to whether plaintiff was subject to the formal grievance and appeal requirements of the administrative grievance process, nor does the text reasonably suggest that plaintiff was precluded from appealing Lucas' response simply because Lucas did not write "denied" on the appropriate line. Further, neither Rule 33-103.006 nor any other DOC rule precluded plaintiff from filing a formal grievance. Rule 33-103.006 provides: "When an inmate decides to file a formal grievance, he or she shall do so by completing Form DC1-303, Request for Administrative Remedy or Appeal and filing within the time limits set forth in Rule 33-103.011, F.A.C." FLA. ADMIN. CODE r. 33-103.006(1). The Rule further provides that a formal grievance may be returned without processing for any of the reasons stated in Rule 33-103.014. *See* FLA. ADMIN. CODE r.

33-103.006(5)(d). The failure of the responding officer to write the word "denied, returned, or approved" on the appropriate line of the informal grievance is not an enumerated reason, and does not preclude substantive review. FLA. ADMIN. CODE r. 33-103.014.

Plaintiff also appears to argue that his informal grievance was approved by "default," because Lucas "failed to refute or challenge" the facts asserted in plaintiff's grievance, and failed to "provide lawful authority to refute plaintiff's argument and legal authorities." (Doc. 6, pp. 8-9 ¶¶ 20-26). The DOC rules do not recognize the principle of default. Even if Lucas failed to answer plaintiff's grievance, which she did not, plaintiff was still required to submit a formal grievance (and appeal to the Office of the Secretary) in order to fully exhaust his administrative remedies. *See* FLA. ADMIN. CODE r. 33-103.011(4) (providing that if the responding staff member fails to provide a written response to the grievance within the prescribed time limit, the inmate is entitled to proceed to the next step of the grievance process).

## CONCLUSION

The DOC's administrative appeals process required plaintiff to appeal Lucas' response to plaintiff's informal grievance by filing a formal grievance at the institutional level. The allegations of and attachments to plaintiff's original and amended complaints establish that plaintiff did not file a formal grievance as required. Instead, plaintiff chose to bypass the remaining steps of the administrative grievance procedure. Because it appears from the face of plaintiff's complaint that the affirmative defense of failure to exhaust bars recovery on his claim(s), this case should be dismissed.

Accordingly, it is respectfully RECOMMENDED:

1.  That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915A(b)(1) for plaintiff's failure to state a claim upon which relief may be granted.

2.  That the Clerk be directed to close the file.

At Pensacola, Florida this 12th day of March, 2012.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).